WILLIAM C. KAHL, State Superintendent, Department of PublicInstruction
In your letter of November 27, 1972, you asked two questions relating to the transportation of children to and from schools. In your first question you ask:
"When a school district provides transportation to and from the district schools for its students residing over 2 miles from school and refuses to transport children living less than 2 miles from school, even though the route may be hazardous, may the district board provide for transportation in district owned buses if the parents are willing to pay the school district for such service?"
It is my opinion that school boards may not provide for transportation of children to and from school under the circumstances related in your question.
Section 121.54 (2), Stats., requires that every school board shall provide transportation to and from school for all pupils who reside more than two miles from the school. An exception is made to this requirement by sec. 121.54 (1) which gives cities an option to *Page 96 
furnish transportation to children attending school within the city. In commenting on this section, our supreme court wrote:
"We do note the statutory guideline that `there shall be reasonable uniformity in the transportation furnished . . . pupils whether they attend public or private schools.' (Section121.54 (1), Stats.). . ." (State ex rel. Vanko v. Kahl, 52 Wis.2d 206,217.)
If the school board were to permit parents to pay for transportation of children living less than two miles from the school, it would clearly create an additional class of children to be transported by the board, a class not authorized by the legislature.
In Cartwright v. Sharpe (1968), 40 Wis.2d 494, the court held that the statutory classifications of children to be transported were reasonable, clear and unambiguous and the court refused in effect to create another class of children to be transported noting that to do so would be to engage in judicial legislation which the court refrained from doing.
The legislature, thus having denominated various classes of children to be transported, the school boards are without authority to create an additional class of children living less than two miles from school who may be transported by the school board at parental expense.
In your second question you state:
"This office has also been asked by several districts throughout the state whether a municipality within a school district may provide for transportation for students residing in that municipality less than 2 miles from school where the school district only provides transportation 2 miles and over? Although the state superintendent is interested in ways and means of transportation of school children it is felt that this question is properly one for legal counsel of the municipality interested in providing such transportation as spelled out in previous legal advice given this office in 39 OAG 41."
I agree with the statement in your letter of November 27, 1972, that this question is properly one to be answered by counsel for the towns involved and that in accordance with 39 OAG 41, requests for my opinion should be confined to questions involving your powers or duties "when a present necessity for action is combined with an *Page 97 
ambiguity in the law requiring clarification by interpretation or construction." (See caption 39 OAG 41).
RWW:JWC